# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

AMY K.[1],                                              Case No. 1:20-cv-831
    Plaintiff,                                 Litkovitz, M.J.

vs.

COMMISSIONER OF                       **ORDER**
SOCIAL SECURITY,
    Defendant.

This matter is before the Court on plaintiff's counsel's motion for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) (Doc. 24), which is unopposed.

The EAJA provides for an award of attorney fees and costs to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)) (remaining citation omitted). The EAJA provides:

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

For its position to be substantially justified, the United States must show that it had a reasonable basis in law and in fact to undertake the challenged action. *Pierce v. Underwood*, 487 U.S. 552 (1988). Under the EAJA, substantial justification means the government's position was

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

"justified in substance or in the main." *Id.* at 565. In other words, the Court must determine whether the government's position was justified in law and in fact to a degree that would satisfy a reasonable person. *Id. See also Perket v. Sec'y of H.H.S.*, 905 F.2d 129, 132 (6th Cir. 1990); *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). It is the government's burden under the EAJA to prove that its position was substantially justified. *Scarborough v. Principi,* 541 U.S. 401, 414-15 (2004).

In this case, plaintiff is the prevailing party. The Court vacated the non-disability finding of the Administrative Law Judge (ALJ) and ordered a remand to the ALJ for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (Doc. 22).

In addition, the position taken by the Commissioner was not substantially justified. The Commissioner does not oppose plaintiff's counsel's EAJA application and, therefore, has not met her burden of proving substantial justification.

Further, after careful review of the record, the Court finds no evidence of special circumstances to bar a fee award here. Accordingly, plaintiff's counsel is entitled to an award of EAJA fees for counsel's work conducted before this Court (i.e., the work in securing the remand).

Plaintiff's counsel has requested an award of EAJA fees and costs in the amount of $3,518, which represents $2,646 in attorney fees (14 hours at $189.00/hour) and $872 in paralegal fees (10.9 hours at $80/hour). The Court finds the requested hourly rate of $125, adjusted for cost-of-living increases since enactment of the EAJA, and the 24.9 hours claimed by counsel for work performed on this case are reasonable. *See* 28 U.S.C. § 2412(d)(2)(A).[2]

---

[2] Attached to plaintiff's counsel's motion are the time entries for the 24.9 hours of work done in this case (Doc. 24 at PAGEID 1453-54), plaintiff's counsel's affidavit regarding his Social Security disability expertise and customary hourly rates at or above $250 (*id.* at PAGEID 1455-56), data from the Small Law Firm Economic Survey (2007 ed.) about regional billing rates (*id.* at PAGEID 1457-62), data from the 2010 Ohio State Bar Association regarding 2010

The EAJA fee award is payable to plaintiff rather than plaintiff's counsel. *See Astrue v. Ratliff*, 560 U.S. 586, 598 (2010). Plaintiff's counsel acknowledges *Ratliff* but nevertheless requests that the EAJA fee award be made payable to him, as assignee of plaintiff, based on plaintiff's affidavit and subject to offset by the United States. (Doc. 24 at PAGEID 1448-49 & n.1, 1452). The Court denies this request. Although a plaintiff has the right to assign the EAJA fee award to the plaintiff's lawyer, the award itself is payable to the plaintiff and the Commissioner has "discretion either to honor or not to honor the assignment." *Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 935 (6th Cir. 2017). As the award of EAJA fees may be offset against any pre-existing debt plaintiff may owe to the United States, the fee award must be made to plaintiff and not to plaintiff's counsel.

**IT IS THEREFORE ORDERED THAT:**

Plaintiff's counsel's motion for an award of attorney fees and costs (Doc. 24) is **GRANTED** and **PLAINTIFF** is awarded a total of **$3,518** in attorney fees and costs under the EAJA.

Date: 12/29/2021

Karen L. Litkovitz
United States Magistrate Judge

---

attorney billing rates and practices (*id.* at PAGEID 1463-64), the affidavits of several Social Security disability attorneys with comparable experience and hourly rates in excess of $189 (*id.* at PAGEID 1466-74), and an addendum to a decision and entry by Judge Rice (S.D. Ohio June 17, 2008) indicating that $270 was within the range of customary hourly rates for counsel with comparable experience in this region (*id.* at PAGEID 1475-78). Plaintiff's counsel's motion does not identify two of the attachments, but they appear to endorse hourly rates similar to those referenced in the other attachments. (*See id.* at PAGEID 1465, 1479).